**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

EZELMA BOOKER                                                                                            PLAINTIFF

v.                                              No. 5:05CV00335 JLH

DILLARD'S DEPARTMENT STORES                                                           DEFENDANT

**OPINION AND ORDER**

Ezelma Booker brought this action against Dillard's Department Stores for alleged violations of 42 U.S.C. §§ 1981, 1982, the Arkansas Civil Rights Act of 1993, as well as for false arrest, outrage, and racial profiling. The Court has jurisdiction over the claims that arise under federal law pursuant to 28 U.S.C. § 1331. The Court has authority under 28 U.S.C. § 1367 to exercise supplemental jurisdiction over the claims that arise under Arkansas law. Booker seeks to recover compensatory and punitive damages, costs and attorneys' fees, as well as injunctive relief. Dillard's has moved for summary judgment.

**I.**

A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Cheshewalla v. Rand & Son Constr. Co.*, 415 F.3d 847, 850 (8th Cir. 2005). The party moving for summary judgment bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If the moving party carries its burden, "the nonmoving party must come forward with 'specific facts

showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (quoting Fed. R. Civ. P. 56(e)). Furthermore, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S. Ct. at 1356. A genuine issue for trial exists only if there is sufficient evidence to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511. When a nonmoving party cannot make an adequate showing on a necessary element of the case on which that party bears the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 322, 106 S. Ct. at 2552.

## II.

On or about September 20, 2004, Ezelma Booker, an African-American woman, went to the Dillard's department store located at the Pines Mall in Pine Bluff, Arkansas, to return clothing that she had previously purchased. Booker entered the store with a Dillard's sales bag containing two outfits that she wanted to return. The tags had been removed from the merchandise. When she entered the store, Booker spoke to a Dillard's sales clerk named Tiffany Woods. Taking the items out of her sales bag, Booker explained that she wanted to exchange the previously purchased items. Woods suggested they each take one outfit and try to find something similar with which to exchange the item. Woods took one outfit, while Booker took the other and in the process placed it back in the sales bag that she had brought with her into the store.

The sales clerk did not find a replacement for the outfit, so she told Booker that she would issue her store credit instead. Booker went to the counter and signed the store credit at the sales clerk's request. After signing the store credit, Booker resumed looking for merchandise. While

Booker was walking around Dillard's with the sales bag containing the remaining outfit that she planned to exchange, a security officer, wearing a Pine Bluff police department uniform, approached her. Touching her elbow, the officer directed Booker to come with him. Booker questioned why she should go with the officer when she had done nothing wrong. The officer pointed to a security camera and indicated that he had seen Booker shoplift an item on camera. Booker opened her bag for the officer to inspect it. The officer inspected the bag, looked around the store, and called the person monitoring the security camera to ask where Booker had allegedly placed the shoplifted item.

At that point, both Woods and another Dillard's sales clerk, Detra Camp, approached the officer and explained that Booker was a regular customer who had come to the store to return some merchandise. When the officer indicated that Booker had concealed merchandise in the sales bag, Woods and Camp explained that Booker had already purchased those items and brought them from home to return. The officer told Woods that she should have placed the merchandise in the bag, rather than Booker. According to Dillard's, at that point, Booker felt she was free to go. The entire incident lasted between fifteen and twenty-five minutes.

After the incident, Booker left the store. Three days later, Booker went to the Little Rock location of Dillard's and purchased new clothing using the store credit she had received in Pine Bluff. On December 5, 2005, Booker filed this claim.

### III.

Booker has alleged that Dillard's violated her rights arising under 42 U.S.C. §§ 1981, 1982. 42 U.S.C. § 1981 states:

> (a) Statement of equal rights
>    All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give

> evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
> (b) "Make and enforce contracts" defined
>   For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
> (c) Protection against impairment
>   The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

42 U.S.C. § 1981 (2000). 42 U.S.C. § 1982 states: All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property. 42 U.S.C. § 1982 (2000). The Eighth Circuit has declared that

> The *McDonnell Douglas* burden-shifting framework applies to motions for summary judgment in cases arising under § 1981 where there is no direct evidence of discrimination. Under this framework, the claimant first must establish a prima facie case of discrimination; if a prima facie case is established, the burden of production shifts to the defendant to show a legitimate, nondiscriminatory reason for the challenged action; and if the defendant proffers such a reason, the burden of production shifts back to the claimant to establish that the proffered reason is a mere pretext for discriminatory animus.

*Harris v. Hays*, 452 F.3d 714, 717-18 (8th Cir. 2006) (citation omitted). The Eighth Circuit has further announced that

> Sections 1981 and 1982 protect citizens' rights to make and enforce contracts and purchase both personal and real property without any impairment due to private or public racial discrimination. A plaintiff establishes a prima facie case under § 1981 by showing (1) membership in a protected class; (2) the intent to discriminate on the basis of race on the part of the defendant; and (3) discrimination interfering with a protected activity (i.e., the making and enforcement of contracts). The prima facie elements of a § 1982 case parallel those of a § 1981 case and require that a plaintiff show (1) membership in a protected class; (2) discriminatory intent on the part of the defendant and (3) interference with the rights or benefits connected with the ownership of property.

*Daniels v. Dillard's, Inc.*, 373 F.3d 885, 887 (8th Cir. 2004) (citations omitted).

Dillard's concedes that Booker is a member of a protected class. However, Booker has failed to establish a prima facie case with respect to the second and third elements for both the § 1981 and § 1982 claims. The second element of a prima facie case is the same with respect to both claims, whether Dillard's had the intent to discriminate on the basis of race. Booker has provided no evidence that Dillard's harbored any discriminatory animus toward her.[1] Booker's race was never mentioned by any Dillard's employee, nor was there any suggestion that race was a basis for the officer's actions. The only evidence before the Court is that Booker had been to Dillard's "many, many times" before and had never been stopped or questioned in any way. There is insufficient evidence to establish an "intent to discriminate on the basis of race on the part of the defendant."

The evidence is also insufficient to demonstrate that the disputed activity interfered with Booker's rights to contract or own property. The incident lasted between fifteen and twenty-five minutes. Afterwards, Booker was at liberty to continue shopping as an ordinary Dillard's customer with all of the attendant rights and benefits of an ordinary Dillard's customer. Booker even admitted that she felt free to go. She was free to contract with Dillard's, purchase its merchandise, or sell its merchandise back to it through a return; in fact, she ultimately completed the very transaction on which she claims interference by returning to another Dillard's store and acquiring merchandise in exchange for the store credit she received in Pine Bluff. Booker was never denied admittance or

---

[1] Booker's brief refers to a forthcoming affidavit of Tiffany Woods to show discriminatory intent. No such affidavit has been filed. The motion for summary judgment was filed on May 7, 2007. Booker moved for and was granted an extension until June 4, 2007, to file her response. She filed a brief on June 6, 2007, but she has filed no affidavit nor other evidence. Trial is scheduled for June 18, 2007. Booker has had ample time to submit evidence. She has not requested additional time, nor has she submitted an affidavit pursuant to Rule 56(f).

service, nor was she asked to leave the store. *See Morris v. Office Max, Inc.*, 89 F.3d 411, 414 (7th Cir. 1996). Thus, because of the transitory nature of the incident as well as its relatively quick and unqualified resolution, Dillard's did not interfere with Booker's right to contract or own property in violation of §§ 1981 and 1982.

In spite of the lack of evidence establishing a prima facie case, Dillard's has offered a legitimate, nondiscriminatory reason for the challenged action. Through the use of a security camera, Dillard's personnel observed Booker placing Dillard's merchandise into a bag, presumably an action often associated with shoplifting. After the security personnel determined that Booker already owned the disputed merchandise, the situation was resolved and Booker was free to go. Booker argues that "there is nothing to support that this conduct was not a pretext." But Booker offers nothing to show that the reason Dillard's has offered for the stop was a pretext. The Supreme Court has held, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S. Ct. at 2552. At trial, Booker will bear the burden of proving pretext, but she has offered no evidence on that point. Summary judgment therefore should be granted.

## CONCLUSION

Summary judgment is granted as to Booker's claims arising under 42 U.S.C. §§ 1981 and 1982. The Court declines to exercise supplemental jurisdiction over the claims that arise under Arkansas law, as it has dismissed all claims over which it has original jurisdiction. 28 U.S.C.

§ 1367(c)(3).  The claims that arise under Arkansas law are therefore dismissed without prejudice. Document #23.

    IT IS SO ORDERED this 11th day of June, 2007.

                                            _____
                                            J. LEON HOLMES
                                            UNITED STATES DISTRICT JUDGE